UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEROME JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:15CV1531 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Doc. #1] pursuant to 28 U.S.C. § 2255, filed on October 6, 2015, wherein he alleges he received ineffective assistance of counsel. On March 23, 2016 the United States of America responded [Doc. # 12] to the motion. Thereafter, on April 18, 2016 Petitioner filed his Response to the Government's Reply to His 2255 Motion. For the reasons set forth below the Motion will be denied and no hearing will be granted.

## Procedural History

On December 15, 2011 a federal grand jury returned an indictment against Petitioner and his co-defendant, Daryl Muldrow. Of the five counts in the indictment only three, Counts, I, III, and IV were specifically focused against the

Petitioner. Count I of the indictment charged Petitioner with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Count III charged both Muldrow and Petitioner with possessing with intent to distribute a quantity of cocaine base ("crack"), in violation of 18 U.S.C. § 941(b)(1)(C). Count IV charged Petitioner with possession of a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c).

Petitioner and Muldrow waived a jury trial and proceeded to jury-waived trial. They appeared before the Court for a bench trial on July 23 and 24, 2012, during which time evidence was presented. The matter was taken under submission and, on July 31, 2012, verdict was rendered in open court, finding both Petitioner and Muldrow guilty on all counts.

Post-trial, the United States Probation Office issued a Presentence Investigation Report ("PSR"). The PSR noted that Counts I and III were grouped for guidelines calculations under U.S.S.G. § 3D1.2(c). With respect to Count I, Petitioner's Base Offense Level was 20. To this, two levels were added under § 2K2.1(b)(4) because the firearm possessed by Petitioner was stolen. In addition, Petitioner received a two-level enhancement under § 3C1.1 for obstruction of justice. This resulted in a Total Offense Level of 24.

The PSR also calculated Petitioner's criminal history. According to the PSR, Petitioner had 11 criminal history points. This corresponded to a Criminal History Category V.

As the Petitioner had a Total Offense Level of 24 and a Criminal History Category of V, the PSR determined that the advisory guideline imprisonment range for Counts I and III was 92-115 months. In addition, Count IV required a 60-month term of imprisonment consecutive to any other sentence imposed.

Petitioner filed objections to the PSR. Petitioner objected to all of the offense conduct set out in the PSR and on which his convictions and guidelines rested. In addition, while acknowledging that the PSR's calculations were consistent with United States Court of Appeals for the Eighth Circuit precedent, Petitioner objected to the PSR's assessment in paragraph 29 of six criminal history points under U.S.S.G. § 4A1.1(e). Petitioner also filed a supplemental objection to the PSR in which he contested the proposed two-level increase to his Base Offense Level for obstruction of justice pursuant to U.S.S.G. § 3C1.1. DCD 173. The Government opposed Petitioner's objections.

On October 29, 2018 Petitioner appeared before the Court. Petitioner's objections to the PSR were overruled, and a term of imprisonment of 125 months was imposed. This term consisted of 65 months on Counts I and III, to be served

concurrently, and a term of 60 months on Count IV, to be served consecutively to Counts I and III.

The conviction was appealed to the Eighth Circuit Court of Appeals, where the only claim raised was a claim challenging the sufficiency of the evidence. On February 13, 2014, the Eighth Circuit affirmed the conviction. *United States v. Johnson*, 745 F.3d 866 (8th Cir. 2014). Petitioner filed a petition for a writ of certiorari before the Supreme Court of the United States. The Supreme Court denied the petition on October 15, 2014.

## Claims

There are a number of grounds raised by Petitioner in his section 2255 motion. All of his grounds are predicated on an assertion of ineffective assistance of counsel. He asserts counsel was ineffective by (1) failing to file a motion *in limine* to exclude the Government's use of 404(b) evidence; (2) failing to object to the PSR's assessment of six criminal history points; (3) failing to object to the Government's purported non-compliance with discovery orders; (4) failing to object to the admissibility of an officer's testimony regarding the smell of Petitioner's cologne on the controlled substances; (5) failing to object to Officer Tesreau's testimony as an expert witness; (6) failing to object to the police officer's statements about Petitioner's alleged admissions; and (7) failing to

4

object to the Government's constructive amendment of both counts of the indictment.

## Applicable Standard

Petitioner has "a heavy burden" in establishing ineffective assistance of counsel pursuant to section 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). To succeed on an ineffective assistance of counsel claim, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the petitioner's case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Sera*, 267 F.3d 872, 874 (8th Cir. 2001); *DeRoo*, 223 F.3d at 925.

An attorney's performance is deficient if it falls "below an objective standard of reasonableness." *Strickland*, at 687-88; *Sera*, 267 F.3d at 874. There are two substantial impediments to making such a showing. First, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (*quoting Strickland*, 466 U.S. at 689); *Sera*, 267 F.3d at 874. *See also Ford v. Lockhart*, 905 F.2d 458, 462 (8th Cir. 1990) (evaluation of a claim of ineffective assistance of counsel is highly deferential with a strong presumption that counsel acted competently). Second, "strategic choices made after thorough investigation

of law and facts relevant to plausible options are virtually unchallengeable." *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). When reviewing counsel's performance, a court must avoid using "the distorting effects of hindsight" and must evaluate the reasonableness of counsel's conduct "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

The petitioner must also prove that "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Strickland,* 466 U.S. at 692. The burden is on the petitioner to prove, by a preponderance of the evidence, that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *DeRoo*, 223 F.3d at 925.

In addition, a Court does not have to determine whether a petitioner meets the "performance" prong of the *Strickland* test. ""If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.'" *Young v. Bowersox,* 161 F.3d 1159, 1160 (8th Cir. 1998) (quoting *Strickland*, 466 U.S. at 697), *cert. denied*, 528 U.S. 880 (1998). *See also Kingsberry v. United States*, 202 F.3d 1030, 1032

(8th Cir.) (if the petitioner makes an insufficient showing on one component, the court need not address both components), *cert. denied*, 531 U.S. 829 (2000).

## Discussion

### A. Was counsel Ineffective for Not Filing a Motion In Limine to Exclude 404(b) Evidence?

The United States gave notice to defense counsel of its intent to utilize certain evidence based upon Federal Rule of Evidence 404(b) admissibility. Four days later trial counsel for Petitioner filed a motion requesting the Court preclude the Government from introducing any of the matters provided in its notice. Two days later, on July 19, 2012, the Government filed its own motion in limine for the admission of 404(b) evidence regarding Petitioner and his co-defendant. The next day, Petitioner's counsel filed a memorandum in opposition to the Government's motion and objected to the Government's request to introduce such evidence at trial.

Petitioner asserts "[h]ad Ms. Trog timely moved to have the said evidence excluded … Ms. Trog would have been successful in having the evidence excluded, which prejudiced the trial court's assessments of petitioner's innocence of the offense." Petitioner's motion, p. 6 of 29.

The record entirely refutes this claim. Not only did counsel file motions to exclude certain 404(b) evidence but she aggressively argued in favor of her motion and against the Government's desire to admit the evidence. This claim is denied.

7

There is no basis for a hearing as the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Franco v. United States*, 762 F.3d 761, 762 F.3d at 763(8th Cir. 2008).

**B. Was Counsel Ineffective in Failing to Object to the PSR Assessment of Six Criminal History Points?**

Petitioner asserts he should have received only 3 points in the Criminal History Category. He further asserts that had trial counsel objected that would have been the case and therefore counsel was ineffective. Again, the record cuts the trunk from underneath Petitioner's argument and assertion. The record demonstrates that counsel *did* object to these criminal history points. On October 11, 2012, defense Counsel filed on Petitioner's behalf "Defendant Johnson's Objections to Presentence Report and Memorandum of Law in Support Thereof." There was a response from the United States and at the sentencing hearing counsel continued to argue that the criminal history points were incorrectly calculated. The motion was overruled by this Court. The claim is denied.

**C. Was Counsel Ineffective in Failing to Object to the Failure of the Government to Comply with the Order of Discovery or to Request Discovery?**

Petitioner contends that the government had a duty to release all copies of police reports and related documents regarding Officer Burgess's testimony that crack cocaine seized from the residence had an odor of cologne parallel to the odor of cologne Petitioner allegedly had on when he was arrested. He, therefore,

propounds that counsel should have objected to this testimony as being in violation of Rule 16. Petitioner argues that the Government's nondisclosure of police reports surrounding this testimony was either intentional or made in bad faith. In the alternative, Petitioner argues that counsel was ineffective for failing to request the disclosure of this evidence prior to trial.

The claim is inadequate on its face and the record affirmatively refutes the factual assertions upon which it is based. The Government produced that discovery to Petitioner on December 23, 2011 relating to the events of September 27, 2011. Although it is true that the witness testified to matters not set out in the discovery, it does not necessarily follow, and here it does not, that the Government failed to produce discovery either by deceit, plan, connivance, inadvertence or negligence. Counsel requested discovery and the Government replied by providing all there was. There is no prejudice in this scenario and the outcome of the trial would have been the same had there been a police report containing the testimony. This claim is likewise denied.

**D. Was Counsel Ineffective for Failing to Object to the Admissibility of the Burgess Cologne Testimony?**

Here Petitioner argues that his counsel "failed to lodge an objection, pursuant to Fed.R.Crim.Proc. [sic] Rule 701(b), to Officer Burgess' testimony that the crack cocaine seized had an odor of cologne that was the same as the cologne that Petitioner was wearing at the time of his arrest."

9

Petitioner claims he was prejudiced by the admission of this evidence because "the Eighth Circuit expressly relied upon the same to find that the evidence was sufficient as a matter of law, to sustain petitioner's conviction." The vulnerability of Petitioner's position lies in the inability to establish the failure of counsel to object to the cologne testimony as an aspect of constitutionally infirm representation. The type of testimony in question is admissible and an objection to same would have been without merit. Trial counsel is not ineffective for not objecting to something that has no basis in law. *Dyer v. United States*, 23 F.3d 1424, 1426 (8th Cir. 1994) (Dyer's claim of ineffective assistance of counsel fails because the claim Dyer asserts counsel should have pursued is meritless); *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (counsel not ineffective for failing to raise meritless challenge); *Thomas v. United States*, 951 F.2d 902 (8th Cir. 1991).

With the preceding in mind the Court notes that Petitioner cannot establish any prejudice since there is no showing the Court would have granted the objection. In addition, Petitioner cannot meet his burden of establishing that the outcome of his criminal proceedings would have differed. The claim is denied.

**E. Was Trial Counsel Ineffective for Failing to Object to the Introduction of Expert Witness Testimony?**

Petitioner argues that his trial counsel "permitted Officer Tesreau to testify, without objection on foundational grounds, pursuant to Fed.Rules.Evid. [sic] Rule 702 that based on his extensive training and education, petitioner was conducting hand-to-hand drug transactions with individuals in front of 4425 Red Bud." He asserts that he was prejudiced by the admission of this evidence without objection because "the Eighth Circuit expressly relied upon Officer Teasreua's [sic] testimony about petitioner allegedly being involved in hand to hand transactions to find that the evidence was sufficient to convict petitioner."

The record unequivocally belies Petitioner's arguments on this claim. The record boldly sets forth that the Government laid a substantial foundation with Officer Tesreau regarding his experience and knowledge of hand-to-hand drug transactions. As a consequence defense counsel was not ineffective for failing to object. The performance of trial counsel is not constitutionally infirm for failing to raise meritless objections or arguments. *Dyer v. United States*, 23 F.3d 1424, 1426 (8th Cir. 1994) (Dyer's claim of ineffective assistance of counsel fails because the claim Dyer asserts counsel should have pursued is meritless); *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (counsel not ineffective for failing to raise meritless challenge); *Thomas v. United States*, 951 F.2d 902 (8th Cir. 1991). As keenly noted by the Government, defense counsel artfully and effectively cross-examined Officer Tesreau about what he observed, making it clear that the officer

never actually observed drugs or money exchange hands during his surveillance of 4425 Red Bud although the conduct was consistent with his experience.

Even if counsel had interjected such an objection, this Court would have overruled the objection. Petitioner, therefore, cannot establish prejudice. Petitioner argues he was prejudiced because the Eighth Circuit relied upon this evidence to affirm the District Court's judgment of guilt, however, the Eighth Circuit opinion clearly establishes this evidence was a small part of the evidence offered by the Government at trial in support of Petitioner's guilt.

**F. Was Counsel Ineffective in Failing to Object to the Police Officer's Statements about Petitioner's Alleged Admissions?**

Petitioner posits the testimony of the officer that after arriving at the Central Police station Petitioner said "he didn't live there and that he was on paper for drugs. He ran because he didn't want to get caught with that shi*t, and he was a 44 Blue Bud Crip" should have been stricken from the record as being incredible as a matter of law. Petitioner asserts he was prejudiced by this evidence because the Eighth Circuit relied upon this evidence to affirm the District Court's finding of guilt.

Petitioner says Officer Burgess's testimony regarding the purported admission is incredible because Petitioner has "never been arrested for any type of drugs in his life prior to that time." He also asserts that he was "never on probation or supervised release for having committed any crimes in the past." Therefore,

there is no way Petitioner could possibly have made the admissions Officer Burgess said he did.

In *United States v. Hernandez*, 13 F.3d 248 (7th Cir. 1994), the Seventh Circuit held that testimony can be incredible as a matter of law where the testimony described an actual physical impossibility under the laws of nature. In *United States v. Blas*, 947 F.2d 1320 (7th Cir. 1991), the Seventh Circuit held testimony was incredible as a matter of law where it was physically impossible for the witness to have observed what he or she claims to have witnessed. The claim asserted by Petitioner certainly is not the kind contemplated in either *Hernandez* or *Blas*. The record establishes the contrary to his claim. Petitioner had been arrested for drugs and was convicted for drugs prior to his arrest in this case.

Counsel, therefore, was not ineffective for failing to object to Officer Burgess's testimony. As noted in relation to other claims of Petitioner, Counsel cannot be found to be ineffective for failing to object to something that has no basis in law or fact. *Dyer*, 23 F.3d at 1426. The claim is denied.

**G. Was Counsel Ineffective for Failing to Object to the Constructive Amendment of Both Counts of the Indictment?**

As to Count I Petitioner argues Counsel failed to object to the admission of the marijuana and heroin seized at the residence, introduced by the government during trial, which had the adverse effect of constructively amending the indictment. As to Count II Petitioner claims ineffective assistance of counsel as

13

"trial Counsel failed to object to the government constructively amending the § 924(c) count of petitioner's indictment, by introducing the heroin and marijuana into evidence, then arguing in closing statements that the jury could utilize, not only the crack cocaine charged in Count Two of the indictment … but also, the uncharged crimes of possession of heroin and marijuana to find that there was a nexus between petitioner's possession of the gun and his drug trafficking offense."

A constructive amendment occurs when the essential elements of the offense as charged in the indictment are altered in such a manner – often through the evidence presented at trial or the jury instructions – that the fact finder is allowed to convict the defendant on an offense different from or in addition to the offenses charged in the Indictment. *United States v. Thomas*, 791 F.3d 889, 896 (8th Cir. 2015). Here, as to each count, Petitioner's conviction was premised on the same elements as was charged, that he possessed with intent to distribute a quantity of cocaine base. The presence of marijuana and heroin did not alter that requirement in any manner.

The Court notes again, counsel cannot be ineffective for failing to raise meritless arguments or objections. *Dyer*, 23 F.3d at 1426. Petitioner cannot establish prejudice as he cannot demonstrate that the outcome of his trial proceedings would have been different had counsel made such an objection. The claim is denied.

## Conclusion

Based upon the foregoing analysis, Petitioner has failed to establish he is entitled to a hearing and has failed to present any basis upon which the Court may grant relief. Petitioner's §2255 Motion for Post-Conviction Relief is denied.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DENIED** and **DISMISSED** in all respects.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 10th day of August, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE